IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
11/28/2012

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| RORY S. THOMPSON and | ) | CASE NO. 11-40805-H3-13 |
| SHARON K. OGNOWSKI, | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court heard the Trustee's Motion and Amended Motion to Dismiss (Docket Nos. 20 and 54). After considering the pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law, and will enter a separate Judgment denying the motions. To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any of the Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

On December 23, 2011 Rory S. Thompson and Sharon K. Ognowski, Debtors, filed a voluntary bankruptcy petition under Chapter 13. Docket No. 1. On February 13, 2012, the Chapter 13 Trustee moved to dismiss the case based upon a number of reasons, all of which have been resolved other than the issue of Debtors' eligibility for relief under Chapter 13 due to their debts' exceeding the statutory limits set forth in section 109(e). The Trustee did not raise the eligibility issue until he filed his

Amended Motion on September 4, 2012.  Docket No. 54.  Thereafter, on September 6, 2012, Debtors amended Schedule E (Creditors Holding Unsecured Priority Claims) and Schedule F (Creditors Holding Unsecured Nonpriority Claims).

Section 109(e) contains the eligibility requirements for status as a debtor under chapter 13, which governs the adjustment of debts of an individual.  Section 109(e) provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 may be a debtor under chapter 13 of this title.

Debtors' initial Schedules, filed on the petition date, reflect that Debtors had noncontingent, liquidated, unsecured debts in the amount of $651,205.46 and noncontingent, liquidated, secured debts in the amount of $11,512.78.  Docket No. 1.  On the Debtors' amended Schedules, the amount of the noncontingent, liquidated, secured debts remained the same but Debtors' noncontingent, liquidated, unsecured debts were $356,872.  The court took judicial notice of the Schedules and Amended Schedules.  Docket Nos. 1 and 55.

Rory S. Thompson testified that upon reexamination of Schedule F, errors were discovered, including the listing of

duplicate claims.  On one of the duplicate claims, Debtors listed the same debt in the amount of $73,217.00 twice, once listed as being owed to BAC Vending and once listed as being owed to Boyd "Buddy" Hood.  Docket No. 1, Page 20.  Schedule F was amended to list the debt only once.  Docket No. 55, page 7.

Schedule F initially listed a purchase money debt in the amount of $164,247.20 owed to Inland Finance Company.  It was amended to reflect that the amount of the claim owed to Inland Finance Company was "[u]nknown."  Docket No. 1, page 23; Docket No. 55, page 10.  Thompson testified that this was a business debt incurred for financing the purchase of vending machines.  Debtor testified that this debt had been listed in his prior bankruptcy case, and after dismissal of the prior case, the creditor picked up the machines sometime in October or November of 2010.  Debtor testified that he listed the amount of the claim as "unknown" because he was unable to determine whether any deficiency on the claim existed.  Thompson testified that, since the repossession of the machines over a year and ten months ago, he was never notified by, and never received any information from, the creditor that amounts were owed.  He testified that he called them three or four times to get an accounting but he received no response.

Debtor testified that, although he believed that the original schedules were correct when filed, they included duplicate claims and mistakes.  Debtor testified that the amended

schedules are different from those initially filed and that they are true and correct. The court finds that the Debtor is credible. The court finds that Debtors are eligible for Chapter 13 relief based upon the amount of debt, as reflected on the amended schedules, that was actually owed by Debtors on the petition date.

For purposes of the threshold eligibility determination in a Chapter 13 case, the general rule is that the courts determine the amount of debt as of the date of filing. The court may also consider postpetition events and developments to the extent that they shed light on the amount of debt actually owed by debtor on the petition date. The bankruptcy court must exercise some discretion in order to avoid an injustice on parties who, in good faith, have relied upon debtor's eligibility for Chapter 13. See *In re Hatzenbuehler*, 282 B.R. 828 (Bankr. N. D. Tex. 2002).

Based upon the above findings of fact and conclusions of law, the court will enter a separate Judgment denying the Trustee's motions to dismiss.

Signed at Houston, Texas this 28th day of November, 2012.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE